PROSKAUER ROSE LLP
Howard Z. Robbins (HR-8815)
1585 Broadway
New York, New York 10036
(212) 969-3000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x

STEVEN PEREZ,

                    Plaintiff,

          v.

THE MUSEUM OF MODERN ART

                  Defendant.

------------------------------ x

**ECF CASE**

**NOTICE OF REMOVAL**

Civil No.

06 CV 5223

Supreme Court of the State
of New York, County of
New York Index No. 108472/06

RECEIVED
JUL 10 2006
U.S.D.C. S.D.N.Y.
CASHIERS

JUDGE COTE

Defendant The Museum of Modern Art ("Defendant"), by their attorneys,

PROSKAUER ROSE LLP, hereby file this Notice of Removal of the above-captioned action to

the United States District Court for the Southern District of New York from the Supreme Court

of the State of New York, County of New York, where the action is now pending, as provided by

Title 28, United States Code, Chapter 89, and now state:

    1.     The above-captioned action was commenced in the Supreme Court of the

State of New York, County of New York (Index No. 108472/06), and is now pending in that

court.

    2.     On or about June 26, 2006, Defendant was served, by personal delivery,

with a Summons and Complaint in the above-referenced action.  The Complaint was the first

pleading to set forth the claim for relief upon which the above-referenced action is based.  A true

and correct copy of Plaintiff's Summons and Complaint is annexed hereto as Exhibit 1.

6264/53585-166 Current/8648737v1

SERVED   MAIL   DOCK'D
          PERS
FILED  7/10/06   DOCK'D
DIARIED

3.    Plaintiff asserted in his Complaint, *inter alia*, claims in connection with his employment and his termination therefrom, as follows: (a) violation of the federal Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*; (b) violation of the New York State Human Rights Law, § 269 et seq.; and (c) violation of the New York City Human Rights Law, § 8-101, *et seq.* (Exh. 1).

4.    As Plaintiff's Complaint alleges claims arising under federal law (Exh. 1, ¶ 5), this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), without regard to the amount in controversy or the citizenship of the parties.

5.    This Court may exercise supplemental jurisdiction over the related state and city law claims in the Complaint pursuant to 28 U.S.C. § 1367, as the state and city law claims alleged are related to Plaintiff's federal claim by subject matter, time period, and/or alleged action.

6.    This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because fewer than thirty days have elapsed since Defendant was served with the Complaint setting forth the claim for relief upon which the above-referenced action is based.  No other process, pleading or orders have been served upon Defendant in this action other than the documents annexed hereto as Exhibit 1.

7.    Defendant has not filed any pleadings or papers in this action.

8.    As required by 28 U.S.C. § 1446(d), upon the filing of this Notice of Removal, Defendants will serve written notice thereof on Louis Ginsberg, Esq., attorney for Plaintiff, and a copy of this Notice of Removal will be filed with the Court Clerk for the Supreme Court of the State of New York, County of New York.

9.      By filing this Notice of Removal, Defendant does not waive any defenses which may be available to it.

WHEREFORE, Defendant respectfully requests that this action be removed from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated: New York, New York
       July 10, 2006

                                        PROSKAUER ROSE LLP

                                        By: _____
                                             Howard Z. Robbins (HR-8815)

                                        1585 Broadway
                                        New York, New York 10036
                                        (212) 969-3000
                                        Attorneys for Defendant

Louis Ginsberg, Esq.
1613 Northern Boulevard
Roslyn, NY 11576
(516) 625-0105
Attorney for Plaintiff

6264/53585-166 Current/8648737v1

Exhibit 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
———————————————————————X

STEVEN PEREZ,

Plaintiff,

Index No.:
Date Filed:

06108472

- against-

**SUMMONS**

**THE MUSEUM OF MODERN ART,**

Defendant.

———————————————————————X

To:   The Museum of Modern Art
      11 West 53rd Street
      New York, NY 10019

   **YOU ARE HEREBY SUMMONED** to answer in this action and serve a copy of your answer, or if the complaint is not served with the summons, to serve a notice of appearance on the Plaintiff's attorney within twenty (20) says after the service of this summons, exclusive of the day of service.  If this summons is not personally served upon you outside of the State of New York, then your answer or notice of appearance must be served within thirty (30) days.  In case of your failure to appear or answer, judgment will be taken against you by default, for the relief deanded in the complaint.

The Law Firm of Louis Ginsberg, P.C.
Attorneys for the Plaintiff
1613 Northern Boulevard
Roslyn, NY 11576
(516) 625- 0105

FILED

JUN 19 2006

NEW YORK
COUNTY CLERKS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————X
STEVEN PEREZ,                                                              06108472

                              **Plaintiff,**                          Index No.:
                                                                      Date Filed:
-against-

                                                                      **COMPLAINT**
                                                                      **JURY TRIAL DEMANDED**
THE MUSEUM OF MODERN ART,                                                **FILED**

                              **Defendant.**                             UUN 19 2006
————————————————————————X

        Plaintiff, Steven Perez, by his counsel, The Law Firm of Louis Ginsberg, P.C., alleges for

his complaint as follows:

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to the New York State Human

Rights Law, §296 *et seq.* of the Executive Law, the New York City Human Rights Law, §8-101

*et seq.* of the New York City Administrative Code and under the Family and Medical Leave Act

("FMLA"), 29 U.S.C. §2601 *et. seq.*

## PARTIES

2.      Plaintiff, Steven Perez, resides at 2226 79ᵗʰ Street, Brooklyn, NY. Plaintiff is an "eligible

employee" under 29 U.S.C. §2611(2)(A) in that he worked for Defendant for at least twelve (12)

months and for at least 1,250 hours during the twelve (12) month period prior to his leave.

3.      Defendant, The Museum of Modern Art, employed Plaintiff.  It is an employer under 29

U.S.C. § 2611(4)(A) in that it is engaged in an industry affecting commerce and, upon

information and belief, it has had fifty (50) or more employees for each working day in each of

twenty (20) or more calendar weeks in the current or preceding calendar year. Defendant is located at 11 West 53rd Street, New York, NY 10019.

## FACTS

4.      Plaintiff began his employment with Defendant on or about June 3, 2004. At all times herein, Plaintiff performed his job as a security guard competently.

5.      Plaintiff has severe asthma, which requires daily medication, and periodic doctor visits. Plaintiff's condition qualifies as a "serious medical condition" under 29 U.S.C. §2611(11)(B) and 29 C.F.R. §825.114(a)(3) in that it involves continuing treatment by a health care provider for a chronic or long-term health condition that is incurable or so serious that if not treated would likely result in a period of incapacity of more than three calendar days. In addition, Plaintiff was entitled to take intermittent time off under 29 U.S.C. § 2612 (b)(1) in order to treat his serious medical condition.

6.      Plaintiff is a "disabled" person under the New York State and City Human Rights Laws because New York's Highest Court has ruled that any "medically diagnosable impairment" is a disability under the New York State Human Rights Law. See Reeves v. Johnson Controls, 140 F3d 144, 154 (1998), and the New York City Human Rights Law's standard is at least that broad. Sacay v. Research Found., 44 F. Supp. 2d 496, 503 (EDNY 1999).

7.      Due to Plaintiff's condition, he suffered random asthma attacks and had to be rushed to the emergency room on several occasions. On those occasions, Plaintiff was absent from work. Defendant learned of Plaintiff's condition approximately three months after he started, and many employees saw plaintiff using a nebulizer--his daily asthma spray.

8.      On or about March 13, 2006, following one of his more serious attacks, Plaintiff was admitted to the hospital. On or about March 16, 2006, Plaintiff submitted Family and Medical

Leave Act ("FMLA") forms to Defendant which included medical documentation indicating that

he would need to be out of work from March 13, 2006 through March 22, 2006.

9.    On or about April 11, 2006, Plaintiff's FMLA request was denied by Defendant.

10.    On or about April 19, 2006, Plaintiff was terminated due to his absences.

11.    Plaintiff was unlawfully fired based upon absences that were protected under the FMLA,

and because of his disability.

12.    The conduct of Defendant and its agents violated Plaintiff's rights under the FMLA, as

well as under the New York State and City Human Rights laws.


## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST DEFENDANT PURSUANT TO THE FAMILY AND MEDICAL LEAVE ACT

13.    Plaintiff incorporates paragraphs 1-12 as if fully rewritten herein.

14.    By and through its course of conduct, Defendant and its agents willfully violated 29

U.S.C. §§ 2612, 2614, and 2615 *et seq.* by denying plaintiff leave, by interfering with,

restraining and/or denying the Plaintiff's exercise and attempted exercise of his FMLA rights and

by terminating Plaintiff's employment based on absences protected by the FMLA.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST DEFENDANT FOR DISABILITY DISCRIMINATION UNDER STATE LAW

15.    Plaintiff incorporates paragraphs 1-14 as if fully rewritten herein.

16.    By and through its course of conduct, Defendant and its agents violated the New York

State Human Rights Law, § 296 et seq. of the Executive Law by denying Plaintiff reasonable

accommodations and firing Plaintiff because of his disability.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST DEFENDANT FOR DISABILITY DISCRIMINATION UNDER CITY LAW

17.    Plaintiff incorporates paragraphs 1-16 as if fully rewritten herein.

18.     By and through its course of conduct, Defendant and its agents violated the New York City Human Rights Law, § 8-101 et seq. of the New York City Administrative Code by denying Plaintiff reasonable accommodations, and firing Plaintiff because of his disability.

19.     Other than this lawsuit, there is no other complaint pending with any administrative agency or court regarding these events.

20.     Pursuant to and as required by section 8-502 of the New York City Human Rights Law Plaintiff has also served a copy of this complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York.

    **WHEREFORE,** the Plaintiff prays that this Court:

    (a)     accepts jurisdiction over this matter;

    (b)     impanels and charges a jury with respect to the causes of action; and,

    (c)     awards the following damages against Defendant:

        i.      Back pay, front pay, and all benefits along with pre and post judgment interest in the amount of one million dollars ($1,000,000.00);

        ii.     Punitive, liquidated and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injuries and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments in the amount of one million dollars ($1,000,000.00),

        iii.    Attorney's fees, costs and expenses as provided for by the applicable statutes; and,

        iv.     Any other relief which this Court deems just and equitable.

Dated: Roslyn, New York
        June 12, 2006

                                        Respectfully submitted,

5

THE LAW FIRM OF
LOUIS GINSBERG, P.C.

By:

Louis Ginsberg (LG 1048)
1613 Northern Boulevard
Roslyn, New York 11576
(516) 625-0105
Attorneys for Plaintiff